# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1156V
### Filed: April 17, 2017
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ROBIN FLICK, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.*
*Darryl Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 16, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination on November 9, 2015. On November 3, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 13).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 5, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 17). Petitioner requests attorneys' fees in the amount of $20,299.00 and attorneys' costs in the amount of $3,549.98 for a total amount of $23,848.98. *Id.* at 29. In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On January 6, 2017, respondent filed a response to petitioner's motion. (ECF No. 18). In response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant application, with the exception of the hourly rates billed for attorney travel time and for work performed by paralegals in 2016. The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours. However, consistent with *Henry, supra*, the undersigned reduces the award to reflect rate reductions for travel time and for 2016 paralegal rates. The undersigned also reduces the claimed cost of certain travel expenses.

Mr. Webb billed a total of 17 hours for travel at a rate of $305 per hour. This includes 4 hours for travel on September 28, 2016 for a flight to Minneapolis for a client meeting, 5 hours of travel driving to a client meeting on September 29, 2016, and 8 hours of travel back to Memphis after the client meeting. (ECF No. 17-2 at 8-9). As is this Court's consistent practice, the undersigned reduces the hourly rate for these hours by 50%.[3] The discount in fees for Mr. Webb's travel time results in a reduction of $2,592.50.

---

[3] The Court recognizes that the Black McLaren firm, and Mr. Webb, consistently request full compensation for travel, however this is not the Court's practice. *See, e.g., Hocraffer v. Sec'y of Health & Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").[3] *See, e.g., J.L.D. v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Jan. 18, 2017), *reconsideration denied sub nom. J.L.D. by Davis v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017

Mr. Webb requested $152.47 (including $110.56 for a dinner at a Ruth Chris Steak House) for food expenses on September 28, 2016 and $136.62 (including $90.29 for a dinner at a McCormick and Schmick's) for food expenses on September 29, 2016. (ECF No. 17-2, pp. 14, 31, 34).  The undersigned finds the requested amount to be unreasonable and reduces it to $64.00 per day, an amount reflective of 2016 federal per diem rates for meals and incidental expenses for Minneapolis, Minnesota.[4]  This results in a reduction of $161.09.

Mr. Webb also requested expenses of $513.04 for a rental car for a period of 46 hours.  (ECF No. 17-2, pp 14, 33).  The undersigned finds that, without an explanation, the requested amount is unreasonable and reduces it by 50%.  This results in a reduction of $256.52.

Additionally, there was 21.7 hours of paralegal time billed at a rate of $150 per hour, amounting to billing of $3,255.  (ECF No. 17-2, p. 13)  Reducing the hourly rate to $145 for all these hours reduces the total amount to $3,146.50, a reduction of $108.50.

_____

WL 908580 (Fed. Cl. Feb. 8, 2017) ("Upon further review of the billing records, I noted that Mr. Webb billed a total of 19.6 hours of travel time in 2015. ECF No. 34–2 at 6–7. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *May v. Sec'y of Health & Human Servs.,* No. 12-712V, 2016 WL 7664474, at *4 (Fed. Cl. Dec. 15, 2016) ("Upon further review of the billing records, I noted that Mr. Webb billed 8 hours for travel time on November 29, 2012 and 8 hours for travel time on November 30, 2012. ECF No. 70–2 at 6. While an attorney may bill for work performed while traveling, "special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *Rowden v. Sec'y of Health & Human Servs.*, No. 14-400V, 2016 WL 7785616, at *4 (Fed. Cl. Dec. 22, 2016); *Kinder v. Sec'y of Health & Human Servs.*, No. 15-1212V, 2016 WL 7666537, at *2 (Fed. Cl. Dec. 15, 2016); *Morgan v. Sec'y of Health & Human Servs.*, No. 15-0239V, 2016 WL 8457049, at *2 (Fed. Cl. Nov. 23, 2016); *Buser v. Sec'y of Health and Human Servs.*, No. 16-0166V, 2016 WL 8416477, at *2 (Fed. Cl. Nov. 22, 2016); *Dayton v. Sec'y of Health & Human Servs.*, No. 15-0589V, 2016 WL 8377512, at *2 (Fed. Cl. Nov. 17, 2016); *Kreisle v. Sec'y of Health & Human Servs.*, No. 15-984V, 2016 WL 8376886, at *2 (Fed. Cl. Nov. 8, 2016); *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925, at *11 (Fed. Cl. Nov. 4, 2016); *Klein v. Sec'y of Health & Human Servs.*, No. 15-1054V, 2016 WL 8346098, at *1 (Fed. Cl. Nov. 4, 2016); *E.T. v. Sec'y of Health & Human Servs.*, No. 15-181V, 2016 WL 7188686 (Fed. Cl. Oct. 27, 2016); *Watkins v. Sec'y of Health & Human Servs.*, No. 15-150V, 2016 WL 7188685, at *1 (Fed. Cl. Oct. 26, 2016).

[4] *See* GSA FY 2016 Per Diem Rates for Minneapolis, Minnesota, at https://www.gsa.gov/portal/category/100120.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 77.2 total hours): | $20,299.00 |
| Less 50% rate reduction for 17 travel hours: | -$2,592.50 |
| Less 2016 paralegal rate reduction: | -$108.50 |
| Adjusted total: | $17,598.00 |
| Requested costs: | +$3,549.98 |
| Less meal reduction: | -$161.09 |
| Less reduction of rental car: | -$256.52 |
| Adjusted total: | $3,132.37 |
| **Total Attorneys' Fees and Costs Awarded:** | **$20,730.37** |

**Accordingly, the undersigned awards the total of $20,730.37 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.